# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

MOHAMED ELSHERBINY,

**SUMMONS**

     Plaintiff,

Index No.:
Purchased:

  -against-

Plaintiff selects Bronx County as the place of trial

CITY OF NEW YORK, IVAN CRUZ, AND JOHN OR
JANE DOE 1-10,

The basis of venue is where the injury occurred

     Defendants.

-------------------------------------------------------------------X

**TO THE ABOVE-NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bayside, New York
   August 23, 2021

**SIM & DEPAOLA, LLP**
By: Peter Sim, Esq.
*Attorneys for Plaintiff*
42-40 Bell Boulevard - Suite 201
Bayside, New York 11361
T: (718) 281-0400

TO:    CORPORATION COUNSEL OF THE CITY OF NEW YORK
        100 Church Street
        New York, New York 10007

        IVAN CRUZ (NYPD Police Officer, Shield #25251 Tax Id #967022)
        Via NYPD 40th Precinct
        257 Alexander Avenue,
        Bronx, New York 10454

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

----------------------------------------------------------------------X

MOHAMED ELSHERBINY,

                        Plaintiff,

      -against-

CITY OF NEW YORK, IVAN CRUZ, AND JOHN
OR JANE DOE 1-10,

                        Defendants.

----------------------------------------------------------------------X

Index No.:
Purchased:

**<u>VERIFIED COMPLAINT</u>**

     Plaintiff, **MOHAMED ELSHERBINY**, by and through the undersigned attorneys, **SIM & DEPAOLA, LLP**, for his complaint against the Defendants, **CITY OF NEW YORK**, **IVAN CRUZ**, and **JOHN or JANE DOE 1-10**, alleges and states as follows:

1.     This is a civil rights action, in which Plaintiff seeks relief, vis-à-vis 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, the laws of the State of New York, in addition to the self-executing clauses or implied private causes of action within the New York State Constitution, for the violations of his civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, as well as the Laws and Constitution of the State of New York.

2.     The following claims arose on June 4, 2020, when Defendants, acting under color of state law, unlawfully stopped, questioned, searched, arrested and detained Plaintiff in the vicinity of East 136th Street and Brown Place, County of Bronx, City and State of New York. Plaintiff was subsequently removed to NYPD's 40th precinct. As a result, Plaintiff was deprived of his liberty and suffered various physical, emotional and psychological injuries. Plaintiff was wrongfully detained over the course of approximately five (5) hours.

3.      Plaintiff was maliciously prosecuted and denied due process of law, until all criminal charges were dismissed, which constituted a termination of the criminal proceedings in favor of the accused.

4.      At all times here mentioned, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

5.      Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, an award of costs and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## PARTIES

6.      Plaintiff, Mr. Mohamed Elsherbiny ("Mr. Elsherbiny"), is a Middle Eastern adult, who presently resides in the City of Hazlet, County of Monmouth and State of New Jersey.

7.      Defendant, City of New York ("City"), is a municipal corporation duly organized and existing under the laws of the State of New York.

8.      At all relevant times herein, the New York City Police Department ("NYPD") was a wholly owned subsidiary which was further wholly operated, managed, maintained and controlled by Defendant City.

9.      At all relevant times herein, Defendant City, acting through its New York City Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention and conduct of all NYPD personnel, including police officers, detectives, investigators, sergeants, lieutenants and other supervisory officers or officials, as well as the individually named NYPD Defendants herein.

10.     At all relevant times herein, Defendant, City, was responsible for enforcing the rules and regulations of the NYPD, and for ensuring that the NYPD personnel obey the laws and constitutions of the United States and the State of New York.

11.     At all relevant times herein, Defendant, IVAN CRUZ ("CRUZ") was a police officer, detective or sergeant employed by the NYPD and, as such, was acting in the capacity of an agent, servant and employee of Defendant City. At all relevant times herein, Defendant CRUZ was assigned Shield No., 25251 Tax Reg. No. 967022 and was further assigned to 40th NYPD Precinct. Defendant CRUZ is being sued in his individual and official capacities.

12.     At all relevant times herein, Defendants JOHN OR JANE DOE 1-10 were police officers, detectives, sergeants, supervisors, policymakers or officials employed by the NYPD or City of New York. At this time, Plaintiff does not know the true names or tax registry numbers of Defendants, JOHN OR JANE DOE 1-10, as such knowledge is within the exclusive possession of Defendants.

13.     At all relevant times herein, Defendants JOHN OR JANE DOE 1-10 were acting as agents, servants and employees of the City of New York, or the NYPD. Defendants JOHN OR JANE DOE 1-10 are being sued in their individual and official capacities.

14.     The names  JOHN OR JANE DOE 1-10 are fictitious and meant as placeholders fpr the police officers who (1) falsely arrested, (2) kicked Plaintiff's crutch from under him, causing Plaintiff to fall, (3) struck Plaintiff with a baton, (4) grabbed Plaintiff by the shirt and violently yanked him, (5) maliciously prosecuted, (7) pepper sprayed, and (8) aided, abetted, assisted, and acted n concert with the other Defendants to do the same.

15.     At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City or State of New York.

## **FACTUAL CHARGES**

16.     On June 4, 2020, at approximately 8:00 P.M., Plaintiff was peacefully protesting in the vicinity of East 136th Street and Brown Place, County of Bronx, City and State of New York, Mr. Elsherbiny was illegally targeted because of his race, religion, national origin or other improper characteristic for adverse police action by Defendants, including CRUZ and JOHN or JANE DOE 1-10.

17.     Plaintiff was lawfully present at a peaceful protest event at the aforesaid location when Defendants, including CRUZ and JOHN or JANE DOE 1-10, illegally approached and seized Plaintiff.

18.     Prior to police contact, the protestors were sitting in a circle chanting, and giving food to homeless people.

19.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, unlawfully questioned Plaintiff regarding illegal activity, despite possessing no valid reason to inquire, as no criminal activity was reasonably suspected.

20.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, unlawfully stopped Plaintiff without consent, a judicially authorized search warrant, or any other legal authority to do so.

21.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, falsely accused Plaintiff of touching them.

22.     At no point did Plaintiff commit any crime or violation of law, nor did he touch any police officers.

23.     At the aforementioned time and place, Plaintiff was walking with a crutch in his right arm, due to a right knee and ankle injury and a loudspeaker in his left hand. As both of Plaintiff's hands were occupied, he was physically unable to touch any police officers.

24.     Defendants, including CRUZ and JOHN or JANE DOE 1-10 then kicked Plaintiff's crutch from under his arm, causing him to fall to the ground.

25.     As Plaintiff struggled back up to his feet, Defendants, including CRUZ and JOHN or JANE DOE 1-10 immediately stuck Plaintiff's left arm and ribs with a baton or other impact weapon.

26.     Defendants, including CRUZ and JOHN or JANE DOE 1-10 then, without warning deployed pepper spray, a noxious chemical agent toward Plaintiff, striking him and causing him to suffer a painful burning sensation about his face and body.

27.     Defendants, including CRUZ and JOHN or JANE DOE 1-10 then grabbed Plaintiff by his chest and slammed him onto the ground.

28.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, violently contorted Plaintiff's arms behind his back so they could apply zip ties.

29.     Defendants, CRUZ and JOHN or JANE DOE 1-10, ignored all of Plaintiff's pleas to loosen the zip ties, which caused Plaintiff substantial pain and discomfort due to their tightness and resulted in Plaintiff's wrists and hands to sustain contusions, swelling and loss of feeling.

30.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, removed Plaintiff to the 40th NYPD precinct against his will, where Defendants fingerprinted, photographed, searched, and confined Plaintiff.

31.     Plaintiff was charged with Disobeying Mayor's curfew orders and was eventually released with a summons.

32.     Plaintiff was singled out to be assaulted, battered, stuck with a baton, pepper sprayed, yanked, and slammed to the ground when his ambulatory crutch was egregiously kicked out from under him simply because Defendants did not like the content of his speech through his megaphone.

33.     Defendants initiated violence and brutality to suppress what was in fact an anti-police-brutality protest in the wake of the George Floyd killing.

34.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, arrested and caused a criminal prosecution to be initiated against Plaintiff, because of their desires to use Plaintiff's arrest and criminal prosecution to incur additional overtime compensation, benefits and career favor from the superior officers, to avoid adverse consequences associated with failing to meet NYPD departmental arrest quotas, and also to conceal their egregious violations of proper police procedures and gross misconduct, including their fabrications of non-existent observations, evidence and information.

35.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, arrested, applied excessive force, and initiated a malicious prosecution against Plaintiff in retaliation for Plaintiff's exertion of his constitutional right to freely express his opinion and inquiries, namely Plaintiff's displeasure with the manner in which Defendants addressed him and his request for an explanation as to why Defendants acted so discourteously toward Plaintiff.

36.     As a result, Plaintiff developed a severe fear of police officers, which prevented him from venturing from his house for a period of time and has effectively permanently chilled his desire and ability to communicate with police officers.

37.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, unlawfully targeted and decided to stop and effect unlawful seizures and unjustified violence upon Plaintiff due to Plaintiff's status as a Middle Eastern male.

38.     Defendants, including CRUZ and JOHN or JANE DOE 1-10, engaged in a conspiracy to falsely arrest and maliciously prosecute Plaintiff by personally conferring with each other, regarding the fabrication of the aforementioned non-existent evidence and observations, as well the manner and means by which said fabrications would be forwarded to the District Attorney's Office.

39.     Plaintiff asserts that the Defendants, including CRUZ and JOHN or JANE DOE 1-10, who violated Plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

40.     The individually named Defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

41.    *The New York Times*, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to lie about subject matters that are materially relevant to criminal prosecutions, including the complete fabrication of arrest evidence and witnesses. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via incontrovertible evidence, such as video evidence.

42.    The constitutionally repugnant behavior that persists within the ranks of the NYPD results from the NYPD's own policies, rules and procedures, namely the NYPD's incredibly flawed and illegal use of arrest quotas. Despite its illegality, such policies remain systemin throughout the NYPD and its individual commands. The NYPD, however, was not content in compelling its officers to effect as many arrests as possible, regardless of the presence of any legal right to do, it promulgated various subsets of quotas, which are predicated on race, color or ethnicity. Additionally, the NYPD, its supervisors or policymakers would assign varying point values to arrests, which were, again, impermissibly based upon the arrestee's race, color or ethnicity. Unsurprisingly, officers would be better rewarded for minority arrests or summonses. This egregious conduct has reported by numerous respected media outlets and publications and has even formed the basis for federal lawsuits against the City and the NYPD, which were commenced by its own employee officers.

43.    On June 17, 2020, the *New York Daily News* published an article, by Graham Rayman, entitled "Brooklyn Cop Claims he was Punished for not Meeting Arrest Quotas, Refusing to Take Responsibility for Controversial Arrest in which he Wasn't Involved," describing allegations from

an NYPD Police Officer, Terrence Dickerson, that he was retaliated against by the NYPD for refusing to adhere to mandatory racially based arrest quotas and for his refusal to accept responsibility for a controversial and publicized arrest via the excessive force, despite the fact that he was not even at the scene.

44.    Another article with a title that speaks for itself, also published by the *New York Daily News*, on December 5, 2019, and written by Graham Rayman, is entitled "Ex-Cop Details NYPD 'Collar Quotas'—Arrest Black and Hispanic Men, 'No Cuffs on Soft Targets' of Jews, Asians, Whites: Court Docs."

45.    *The New York Times*, on December 6, 2019, published an article by Joseph Goldstein and Ashley Southall, entitled "I Got Tired of Hunting Black and Hispanic People," which revealed a disturbing account from a different NYPD Police Officer, Anthony Diaz, describing a police force that measures the quality of police work by the quantity of minority arrests.

46.    On March 18, 2018, *The New York Times* published an explosive article, entitled "Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr. Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting the fact that the substantiation of a claim against an officer will invariably rely on the presence of incontrovertible proof against the officer. Due to the rarity availability of this type of evidence, an alarmingly small percentage of officer misconduct claims are substantiated. The CCRB is further handicapped by a terribly designed system that requires evidence of a virtually indisputable nature to substantiate any claim against an officer. The article also details the NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that this reluctance is a significant cause of the lying pandemic within the NYPD. The article references various officers

and detectives who were the subject of credible accusations relating to the officers' intentionally false statements, with some allegations coming from federal and state judges.

47.     On September 12, 2019, *The New York Times* published another article by Joseph Goldstein, entitled "Officers Said They Smelled Pot. The Judge Called Them Liars." Unsurprisingly, this article dealt with the unusually high frequency of officers using the odor of marijuana to excuse a search that conspicuously does not result in the recovery of any marijuana. It should not require an article in *The New York Times* to call attention to such patently disingenuous tactics, but has become necessary for a variety of reasons, including the NYPD's failure to correct such behavior, the willingness of prosecutors and judges to credit the lying officers and the increasing rate of occurrence.

48.     On April 24, 2019, *The New York Times* published an article, entitled "Detective's Lies Sent Three People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD Second Grade Detective Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that were only uncovered through contradictory video evidence. Det. Franco's lies resulted in the innocent individuals each being sentenced to prison terms in excess of one-year.

49.     Other articles include: (i) "'Testilying' by Police: A Stubborn Problem.," by Joseph Goldstein, *The New York Times*, March 18, 2018; (ii) "New York Detective Charged with Faking Lineup Results," by Joseph Goldstein, *The New York Times*, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors Stopped Believing Him," by Joseph Goldstein, *The New York Times*, October 17, 2017; (iv) "Review Board Notes Rise in New York Police Officers' False Statement," by J. David Goodman, *The New York Times*, May 14, 2015; (v) "In Brooklyn Gun

Cases, Suspicion Turns to the Police," by Stephanie Clifford, *The New York Times*, December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, *The New York Times*, November 1, 2011; and (vii) "The Drugs? They Came from the Police," by Jim Dwyer, *The New York Times*, October 13, 2011.

50.     The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them. On June 26, 2019, *The New York Times* published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols. The report further impugned the NYPD's commitment to combat the prejudices and the biases exhibited by many of its officers.

51.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the NYPD that resulted in Plaintiff's arrest without probable cause.

52.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

53.     Defendants' actions, pursuant to Plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of Plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City

of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with Defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

54.      Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of Defendants, the NYPD and City of New York.

55.      Upon information and belief, the personnel files, records and disciplinary histories of the officer Defendants will reveal a history of Constitutional violations indicative of Defendant City's knowledge that the individual officer Defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named Defendants committing similar violations in the future was extremely high.

56.      Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of Defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil

rights of those who may interact with its employees, including Defendants, CRUZ and JOHN or JANE DOE 1-10.

57.     Upon information and belief, the individually named Defendants have combined to be named as Defendants in numerous lawsuits that have accused them of committing violations similar or identical to those alleged herein, all of which have resulted no disciplinary or corrective action of any kind.

58.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named Defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

59.     The aforementioned acts of Defendants, including CRUZ and JOHN or JANE DOE 1-10, directly or proximately resulted in the deprivation or violation of Plaintiff's civil rights, as guaranteed and protected by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

60.     As a direct or proximate result of said acts, Plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
Free Speech Retaliation Claim Under
New York State Law

61.     The above paragraphs are here incorporated by reference as though fully set forth herein.

62.     Plaintiff engaged in speech and activities that were protected by Article I, Section 8, of the New York State Constitution.

63.     Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

64.     Defendants' retaliatory actions against Plaintiff resulted in the deprivation of his liberty and the initiation of criminal charges against him.

65.     Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected speech or activities or by chilling his desire to further participate or engage in such protected speech or activities.

66.     Accordingly, Plaintiff's right to engage in protected speech and activities, guaranteed and protected by Article I, Section 8, of the New York State Constitution, was violated by Defendants.

67.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoings, under the doctrine of *respondeat superior*.

68.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SECOND CAUSE OF ACTION
First Amendment Retaliation Claim Under
42 U.S.C. § 1983 Against Individual Defendants

69.     The above paragraphs are here incorporated by reference as though fully set forth herein.

70.     Plaintiff engaged in speech and activities that were protected by the First Amendment to the United States Constitution.

71.     Defendants committed impermissible or unlawful actions against Plaintiff that were motivated or substantially caused by Plaintiff's constitutionally protected speech or activities.

72.     Defendants' retaliatory actions against Plaintiff resulted in the deprivation of his liberty and the initiation of criminal charges against him.

73.     Defendants' retaliatory actions adversely affected Plaintiff's protected speech or activities by physically or procedurally preventing him from further pursuing said protected

speech or activities, or by chilling his desire to further participate or engage in such protected speech or activities.

74.    Accordingly, Plaintiff's right to engage in protected speech and activities, as guaranteed and protected by the First Amendment to the United States Constitution, was violated by Defendants.

75.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged

### THIRD CAUSE OF ACTION
Unlawful Search and Seizure Under
New York State Law

76.    The above paragraphs are here incorporated by reference as though fully set forth herein.

77.    Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

78.    Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

79.    Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

80.    The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

81.    Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to Article I, Section 12, of the New York State Constitution and Article II, Section 8, of the New York Civil Rights Law.

82.    Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

83.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

84.     The above paragraphs are here incorporated by reference as though fully set forth herein.

85.     Defendants subjected Plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

86.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

87.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

88.     The unreasonable searches and seizures to Plaintiff's person and property were not otherwise privileged.

89.     Accordingly, Defendants violated Plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

90.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

91.     The above paragraphs are here incorporated by reference as though fully set forth herein.

92.     Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without a valid warrant or probable cause.

93.     Plaintiff was conscious of his confinement.

94.     Plaintiff did not consent to his confinement.

95.     Plaintiff's arrest and false imprisonment was not otherwise privileged.

96.     Defendant City of New York, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

97.      As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

98.      The above paragraphs are here incorporated by reference as though fully set forth herein.

99.      The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

100.     The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

101.     At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

102.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Assault and Battery Under
New York State Law

103.     The above paragraphs are here incorporated by reference as though fully set forth herein.

104.     At all relevant times, Defendants caused Plaintiff to fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

105.     Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent or justification.

106.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages.

107.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

108.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

109.    The above paragraphs are here incorporated by reference as though fully set forth herein.

110.    The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

111.    Defendants engaged in and subjected Plaintiff to immediate harmful or offensive touching and battered him without his consent.

112.    As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

113.    The above paragraphs are here incorporated by reference as though fully set forth herein.

114.    Defendants initiated the prosecution against Plaintiff.

115.    Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution could succeed.

116.    Defendants acted with malice, which, in the absence of probable cause, may be inferred.

117.    The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

118.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered significant damages.

119.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

120. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 Against Individual Defendants

121. The above paragraphs are here incorporated by reference as though fully set forth herein.

122. Defendants initiated the prosecution against Plaintiff.

123. Defendants lacked probable cause to believe Plaintiff was guilty or that the prosecution would succeed.

124. Defendants acted with malice, which, in the absence of probable cause, may be inferred.

125. The prosecution was terminated in Plaintiff's favor, when all criminal charges were unconditionally dismissed and sealed.

126. Accordingly, Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights.

127. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

128. The above paragraphs are here incorporated by reference as though fully set forth herein.

129. Defendants arrested, detained and caused a criminal prosecution to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act.

130. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

131. Defendants intended to inflict substantial harm upon Plaintiff.

132. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

133. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

134. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

135. The above paragraphs are here incorporated by reference as though fully set forth herein.

136. Defendants arrested, detained and caused a criminal prosecution to be initiated or maintained against Plaintiff to compel the compliance or forbearance of some act.

137. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

138. Defendants intended to inflict substantial harm upon Plaintiff.

139. Defendants acted to achieve a collateral purpose, beyond or in addition to Plaintiff's criminal prosecution.

140. Defendants' actions deprived Plaintiff of his constitutional rights to free from illegal searches and seizures and to not be deprived of his liberty without the due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

141. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
New York State Law

142. The above paragraphs are here incorporated by reference as though fully set forth herein.

143. Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

144. Defendants forwarded said false information to prosecutors within the District Attorney's Office.

145. Defendants' actions resulted in post-arraignment restrictions and deprivations upon Plaintiff's liberty and freedom of movement.

146. Accordingly, Defendants deprived Plaintiff of his civil rights, pursuant to Article I, Sections 1, 2, 6 & 9, of the New York State Constitution, as well Article II, Sections 10 & 12, of the New York Civil Rights Law.

147. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

148. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

149. The above paragraphs are here incorporated by reference as though fully set forth herein.

150. Defendants fabricated false evidence to be used against Plaintiff that was likely to influence a jury's decision.

151. Defendants forwarded said false information to prosecutors within the District Attorney's Office.

152. Defendants' actions resulted in post-arraignment restrictions and deprivations upon Plaintiff's liberty and freedom of movement.

153. Accordingly, Defendants violated Plaintiff's right to fair trial, pursuant to the Fifth, Sixth and Fourteenth Amendments to United States Constitution.

154. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Biased Based Profiling under
New York City Law

155.    The above paragraphs are here incorporated by reference as though fully set forth herein.

156.    Defendants impermissibly relied upon Plaintiff's actual or perceived race, color, national origin, ancestry, citizenship status, gender, religion, religious practice, age, disability or sexual orientation, as the determinative factor in initiating law enforcement action against Plaintiff, rather than Plaintiff's behavior or other information or circumstances that would link Plaintiff to suspected unlawful activity.

157.    Accordingly, Defendants violated Plaintiff's rights, pursuant to the Administrative Code of the City of New York, Section 14-151

158.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

159.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
New York State law

160.    The above paragraphs are here incorporated by reference as though fully set forth herein.

161.    Plaintiff, as a Hispanic or Latino male, is a member of a racial minority and protected class.

162.    Defendants discriminated against Plaintiff on the basis of his race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation

163.    Defendants also engaged in the selective treatment of Plaintiff, in comparison to others similarly situated.

164.    Defendants' discriminatory treatment of Plaintiff was based on impermissible considerations,

such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his Constitutional rights, or a malicious or bad faith intent to injure Plaintiff.

165.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

166.    Defendants, motivated by discriminatory animus, applied facially neutral statutes with adverse effects against Plaintiff.

167.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

168.    Accordingly, Defendants violated Plaintiff's rights, pursuant to Article I, Section 11, of the New York State Constitution, Article VII, Section 79-N, of the New York Civil Rights Law and Section 296, Paragraph 13, of the New York Human Rights Law.

169.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

170.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTEENTH CAUSE OF ACTION
Deprivation of Rights and Denial of Equal Protection of the Laws under
42 U.S.C. §§ 1981 and 1983 Against Individual Defendants

171.    The above paragraphs are here incorporated by reference as though fully set forth herein.

172.    Plaintiff, as a Hispanic or Latino male, is a member of a racial minority and protected class.

173.    Defendants discriminated against Plaintiff on the basis of his race, color or ethnicity

174.    Defendants engaged in the selective treatment of Plaintiff in comparison to others similarly situated.

175.    Defendants' selective treatment of Plaintiff was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiff for the exertion of his Constitutional

rights, or malicious or bad faith intent to injure Plaintiff.

176.    Defendants applied facially neutral laws against Plaintiff in a discriminatory manner.

177.    Defendants, motivated by a discriminatory animus, applied facially neutral penal statutes with adverse effects against Plaintiff.

178.    Defendants did not possess a rational basis, excuse or justification for applying any laws or statutes against Plaintiff.

179.    Accordingly, Defendants violated Plaintiff's rights, under the Fourteenth Amendment.

180.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights and Failure to Prevent the Conspiracy under
42 U.S.C. §§ 1983, 1985 and 1986 Against Individual Defendants

181.    The above paragraphs are here incorporated by reference as though fully set forth herein.

182.    Defendants engaged in a conspiracy against Plaintiff to deprive Plaintiff of his rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to be afforded a fair trial, to not be deprived of his liberty or property without due process of law, or of the privileges and immunities under the laws and constitutions of the United States and of the State of New York.

183.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiff.

184.    As a result, Plaintiff sustained injuries to his person, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States.

185.    Defendants' conspiracy was motivated by a desire to deprive Plaintiff of his civil rights or because of some racial, otherwise class-based, invidious or discriminatory animus.

186.    The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiff's civil rights, had knowledge that acts in furtherance of the conspiracy were about to be

committed or in process of being committed, possessed the power to prevent or aid in the prevention of the conspiratorial objective, and neglected to do so.

187.    Accordingly, Defendants violated Plaintiff's rights, pursuant to the Fourth, Fifth, Sixth and/or Fourteenth Amendments to the United States Constitution.

188.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINETEENTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

189.    The above paragraphs are here incorporated by reference as though fully set forth herein.

190.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

191.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

192.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTIETH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

193.    The above paragraphs are here incorporated by reference as though fully set forth herein.

194.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct. had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct. and failed to intervene.

195.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

196. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTY-FIRST CAUSE OF ACTION
Due Process/Fabrication of Evidence Claim Under
42 U.S.C. § 1983 Against Individual Defendants

197. The above paragraphs are here incorporated by reference as though fully set forth herein.

198. Those Defendants deliberately fabricated evidence against the Plaintiff and that as a result of this evidence being used against him, he was deprived of his constitutional right without due process of law.

199. As a result, Plaintiff sustained injuries to his person, was deprived of his liberty or was deprived of rights or privileges of citizens of the United States

200. The Defendants fabricated evidence in order to support their false arrest, detention and prosecution of the Plaintiff. The Defendants used this fabricated evidence and informed the prosecution that the fabricated evidence was true and accurate despite the fact that knew that the fabricated evidence was not true, As a result, the Plaintiff was deprived of his constitutional rights.

201. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWENTY-SECOND CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

202. The above paragraphs are here incorporated by reference as though fully set forth.

203. Defendant City owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee Defendants.

204. Defendant City breached those duties of care.

205. Defendant City placed Defendants in a position where they could inflict foreseeable harm.

206.    Defendant City knew or reasonably should have known of its employees' propensity for committing civil rights violations.

207.    Defendant City failed to take reasonable measures in hiring, training, retaining and supervising its employee Defendants that would have prevented the aforesaid injuries to Plaintiff.

208.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### TWENTY-THIRD CAUSE OF ACTION
Municipal "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendant City

209.    The above paragraphs are here incorporated by reference as though fully set forth.

210.    Defendant City maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as Plaintiff, to such violative behavior.

211.    Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

212.    Defendant City, its policymakers and supervisors failed to provide adequate training or supervision to their subordinates, to such an extent that is tantamount to the City's deliberate indifference toward the rights of those who may come into contact with Defendant City's employees.

213.    Defendant City's employees engaged in such egregious and flagrant violations of Plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by Defendant City and its policymakers toward the rights of individuals, who may come into contact with Defendant City's employees.

Case 1:21-cv-08022-VEC  Document 1-1  Filed 09/27/21  Page 31 of 37

214.    Defendant City's repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

215.    Defendant City's conduct caused Plaintiff to be deprived of his civil rights, as guaranteed by the Constitution of the United States, via the First, Fourth, Fifth, Sixth & Fourteenth Amendments thereto.

216.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

    **WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a)  On the First Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

b)  On the Second Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

c)  On the Third Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

d)  On the Fourth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

e) On the Fifth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

f) On the Sixth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

g) On the Seventh Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

h) On the Eighth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

i) On the Ninth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

j) On the Tenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

k) On the Eleventh Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

l) On the Twelfth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

m) On the Thirteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

n) On the Fourteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

o) On the Fifteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

p) On the Sixteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

q) On the Seventeenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

r) On the Eighteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

s)  On the Nineteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

t)  On the Twentieth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

u)  On the Twenty-First Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

v)  On the Twenty-Second Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

w)  On the Twenty-Third Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

x)  Awarding Plaintiff punitive damages in an amount to be determined by a jury on all causes of action set forth herein;

y)  Awarding Plaintiff reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988 and all applicable state or local laws; together with the costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Bayside, New York
August 23, 2021

**SIM & DEPAOLA, LLP**

By: Peter Sim, Esq.
*Attorneys for Plaintiff*
42-40 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700

## ATTORNEY VERIFICATION

I, Peter Sim, an attorney admitted to practice in the courts of New York State, state that I

am a partner of the firm of **SIM & DEPAOLA, LLP,** the attorneys of record for Plaintiff in the

within action; I have read the foregoing and know the contents thereof; the same is true to my own

knowledge, except as to the matters therein stated to be alleged on information and belief, and as

to those matters I believe it to be true. The reason this verification is made by me and not by

Plaintiff, is because Plaintiff resides outside the county where deponent maintains his office. I

affirm that the foregoing statements are true, under the penalties of perjury.


Dated: Bayside, New York
       August 23, 2021

                                        _____
                                        Peter Sim, Esq.

Case 1:21-cv-08022-VEC   Document 1-1   Filed 09/27/21   Page 37 of 37

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MOHAMED ELSHERBINY,

                    Plaintiff,

        -against-

CITY OF NEW YORK, IVAN CRUZ AND JOHN OR JANE DOE 1-10,

                    Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**SIM & DEPAOLA, LLP**
By: Peter Sim, Esq.
*Attorneys for Plaintiff*
42-40 Bell Boulevard
Suite 201
Bayside, New York 11361
Tel. (718) 281-0400

TO: CORPORATION COUNSEL OF THE CITY OF NEW YORK

*Attorney(s) for Defendants*

Service of a copy of the within is hereby admitted.
Dated:

Attorney(s) for