USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/15/2021



**MEMO ENDORSED**

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JORGE M. MARQUEZ**
*Senior Counsel*
Phone: (212) 356-2336
Fax: (212) 356-3558
jmarquez@law.nyc.gov

October 14, 2021

<u>VIA E.C.F.</u>
Honorable Valerie E. Caproni
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: <u>Mohamed Elsherbiny v. City of New York</u>,
21 Civ. 8022 (VEC) (SDNY)

Your Honor:

I am a Senior Counsel in the office of Georgia M. Pestana, Corporation Counsel of the City of New York, and the attorney representing defendant City of New York in the above referenced action. Defendant writes to oppose the Plaintiff's applications that seek the Clerk of the Court to note default against defendants City of New York and Police Officer Ivan Cruz. (E.C.F. Nos. 12-13) In addition, Defendant requests that the Court compel Plaintiff to produce an executed N.Y.C.P.L. § 160.50 release and medical releases (if applicable) which Plaintiff has failed to provide.

First, the undersigned notes that on October 12, 2021, he contacted the Plaintiff's counsel via e-mail to inquire on the following issues: (1) confirm who would be the plaintiff's attorney dealing with this case (since no attorney was reflected on the docket); and (2) let the undersigned know if an executed § 160.50 release and medical releases (if applicable) were mailed to our Office as required by Local Civil Rule 83.10. Plaintiff's counsel subsequently filed notices of appearances on the same day. (<u>See</u> E.C.F. Nos. 6 and 7) Instead of contacting the undersigned, Plaintiff opted to file a proposed certificate of default on the same day, which was eventually rejected by the Clerk on October 13, 2021, because it was deficiently filed. (<u>See</u> E.C.F. No. 11)

After the Court rejected the Plaintiff's proposed certificate of default, on October 13, 2021, the undersigned contacted the Plaintiff's counsel via e-mail again and asked Plaintiff to refrain from filing a motion seeking default judgment since such motion was improper and would be made

1

in bad-faith. Specifically, a cursory review of the case docket shows that the Plaintiff's case falls under Local Civil Rule 83.10 because it pertains to police action. (See E.C.F. No. 4 (noting participation in Local Civil Rule 83.10)) Moreover, the undersigned reiterated that it had not received the Plaintiff's execute releases, which means that the Defendant's time to respond to the Complaint has not even started. See Local Civil Rule 83.10(b). Once again, instead of responding to the undersigned's e-mail, on October 14, 2021, Plaintiff re-filed his proposed certificates of default. (E.C.F. Nos. 12-13)

After filing the notices, Plaintiff's counsel, Samuel C. DePaola, responded to the Defendant's October 13th e-mail and, incredulously, stated that "Local Civil Rule 83.10 applies only to 'cases filed by a represented plaintiff….' L.R. 83.10. As such, defendants are presently in default for failing to answer." Defendant is simply flabbergasted by the Plaintiff's e-mail response because the notices of appearances filed by both Samuel C. DePaola and Sameer Nath expressly state that they "appear in this case as counsel for Mohamed Elsherbiny." (See E.C.F. Nos. 6 and 7) Thus, Plaintiff is a "represented" party and this case falls under Local Civil Rule 83.10.

Accordingly, Defendant respectfully requests that the Court deny what can only be described as bad-faith filings by Plaintiff that improperly seek the entering of certificates of default. Importantly, the Court should reaffirm that this case is governed by Local Civil Rule 83.10, as reflected on the case docket.

Lastly, Defendant also respectfully requests that the Court compel Plaintiff to immediately provide a duly executed § 160.50 release and medical releases (if applicable) as required by Local Civil Rule 83.10.

Respectfully submitted,

*Jorge Marquez* /S/
Jorge Marquez

Cc:   Via E.C.F.
      (to all counsel of record)

---

Plaintiff's response to this letter is due no later than **Friday, October 22, 2021**. Plaintiff must inform the Court whether it believes Local Rule 83.10 applies to this matter and if Plaintiff contends that it does not, on what basis. From a brief review of the complaint, the Court agrees with Defendants that Local Rule 83.10 applies and that Defendants are not in default as their time to answer has yet to begin.

Upon review of Plaintiff's letter, if the Court determines that Local Rule 83.10 applies, the Court will order Plaintiff to provide executed § 160.50 releases. The Court notes that failure to provide executed § 160.50 releases by the deadline may result in sanctions, including dismissal of the case for failure to prosecute. *See, e.g., Brown v. County of Nassau*, No. 14-CV-0247, 2015 WL 1535713, at *4 (E.D.N.Y. April 6, 2015); *Rivera v. City of New York*, No. 07-CV-5999, 2010 WL 1253983, at *4 (S.D.N.Y. March 17, 2010); *Palacio v. City of New York*, 489 F. Supp.2d 335, 343 (S.D.N.Y. 2007).
SO ORDERED.

*Valerie Caproni* (signature)
Date: October 15, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE