# MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/06/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MOHAMED ELSHERBINY,

                       Plaintiff,

     -against-

CITY OF NEW YORK, *et al.*,

                       Defendants.

----------------------------------------------------------X

**NOTICE OF MOTION**

Docket No. 21-cv-8022 (VEC)

**PLEASE TAKE NOTICE** that upon the Memorandum of Law in Support of Plaintiff's

Motion to Dismiss, without prejudice, and upon all the pleadings and proceedings heretofore, the

Plaintiff, Mr. Mohamed Elsherbiny, will move this Court before the Honorable Valerie E. Caproni,

United States District Judge for the Southern District of New York, at the Thurgood Marshall

United States Courthouse located at 40 Foley Square, New York, New York 10007, at a date and

time to be determined by the Court, for an order, pursuant to 28 U.S.C. §§ 1446 & 1447, remanding

the above-captioned action to The Supreme Court of the State of New York, County of Bronx;

together with such other relief as this Court may deem just and proper.

Dated: Bayside, New York
       October 27, 2021

                        **SIM & DEPAOLA, LLP**
                        *Attorneys-at-Law*
                        42-40 Bell Boulevard – Suite 405
                        Bayside, New York 10007
                        (718) 281-0400

                        By: _____
                             Samuel C. DePaola, Esq.
                             *Attorneys for Plaintiff*
                             sdepaola@simdepaola.com

Plaintiff's motion to remand this case to state court is DENIED.  Plaintiff makes three arguments as to why this case should be remanded, all of which are without merit and come close to being frivolous.

First, Plaintiff argues that a scrivener's error in the City's notice of removal warrants remand.  *See* Mem. of Law, Dkt. 25 at 4.  In the notice of removal, the City stated that the underlying action had been commenced in Kings County Supreme Court, *see* Notice of Removal, Dkt. 1 ¶ 1, p. 3, when it in fact had been commenced in Bronx County Supreme Court.  The City included a copy of the Complaint and Affidavit of Service, which both clearly state that the action had been filed in Bronx County Supreme Court.  *See* Summons & Complaint, Dkt. 1-1; Affidavit of Service, Dkt.1-2. Additionally, Defendant Ivan Cruz's declaration consenting to the removal uses the Bronx County Supreme Court caption.  *See* Consent to Removal, Dkt. 1-3.  Critically, Plaintiff is not prejudiced in any way by the City's scrivener's error.  Plaintiff was the party who filed the underlying lawsuit and accordingly was well aware that the action had been filed originally in the Bronx County Supreme Court.  Moreover, the fact that the City removed the case to S.D.N.Y. and not E.D.N.Y. demonstrates that Defendant's mention of the Kings Country Supreme Court was merely a typographical error.

Plaintiff cites no case law to support the proposition that a harmless scrivener's error in a notice of removal requires remand of the case back to state court.  Accordingly, the Court uses its "judicial eraser" to correct the typo in the notice of removal pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, which enables the Court to correct a clerical mistake in part of the record.  *See* Fed. R. Civ. P. 60(a); *Matter of W. Tex. Marketing Corp.*, 12 F.3d 497, 504–05 (5th Cir. 1994) (referring to use of the "judicial eraser" to correct mechanical mistakes by a party); *Alpern v. UtilCorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) ("Although the rule usually applies to errors by the court or clerk, it may also be used to correct mistakes by the parties.").

Second, Plaintiff argues that Defendants are in default for failing to answer the Complaint pursuant to Rule 81(c) of the Federal Rules of Civil Procedure and that Defendant removed the case to federal court as a "means to delay or avoid answering or defending actions against it or as another way to avoid the entry of an impending default judgment."  Mem. of Law at 5.  As the Court explained in an endorsement entered after Plaintiff filed its motion for remand, *see* Endorsement, Dkt. 28, this matter clearly falls under Local Civil Rule 83.10.  Accordingly, Defendants' time to answer, move, or otherwise respond to the Complaint is 60 days from the time the § 160.50 release was served on Defendants, which in this matter comes out to December 14, 2021.  *See* Endorsement, Dkt. 32.  Even if the City had been motivated by Local Civil Rule 83.10 in deciding to remove the case to federal court, that motivation does not provide a reason to reject an otherwise properly filed notice of removal.

Third, Plaintiff argues that Defendant Ivan Cruz did not properly or independently consent to the removal of this action, in violation of 28 U.S.C. § 1446(b)(2), which requires all defendants to join in or consent to the removal of an action.  *See* Mem. of Law at 3-4, 6-7.  Defendant Ivan Cruz did file a sworn declaration consenting to the removal.  *See* Consent to Removal, Dkt. 1-3 ¶ 2 ("I hereby consent to this case being removed to federal court.").  Plaintiff cites to several cases that hold that

consent to removal must be unambiguous and in written form.  *See* Mem. of Law at 3-4 (collecting cases); Reply, Dkt. 33 at 3-4 (same).  But none of the cited case law supports Plaintiff's contention that Mr. Cruz's signed declaration is an inadequate expression of his consent.  Plaintiff appears to be arguing that the fact that the declaration uses the Bronx County Supreme Court caption makes the declaration defective.  But Plaintiff provides no case law or other support to explain why this makes the written consent ambiguous or otherwise problematic.  Additionally, Plaintiff makes an incomprehensible argument about the purportedly defective timing of Mr. Cruz's declaration, *see* Mem. of Law at 6, an argument which the Court fails to understand, is not support by any citations to authority, and appears to have been abandoned in Plaintiff's reply brief.  In short, the Court finds no basis to reject Mr. Cruz's consent to removal.

Because all of Plaintiff's arguments in support of remand are without merit, Plaintiff's motion to remand is DENIED.  Plaintiff's counsel is reminded that if Plaintiff prevails in this case and there is an application for attorneys' fees, only reasonable attorneys' fees will be awarded.  Fees will not be awarded for preparing vexatious, frivolous motions.

The Clerk of Court is respectfully directed to close the open motion at docket entry 24.

 SO ORDERED.

Date: December 6, 2021

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE